UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **MALCOLM GILLO,** | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| v. | } | CASE NO. 2:08-cv-1603-SLB |
| | } | |
| **WINDOWS, DOORS, & MORE,** | } | |
| **LLC; and GARY M. LANGE,** | } | |
| | } | |
| Defendants. | } | |

## MEMORANDUM OPINION

This case is currently before the court on Defendants' Motion for Court Approval of Settlement, (doc. 14),[1] and Defendants' Amended Motion for Court Approval of Settlement, (doc. 17, pp. 3-6). Defendants' Amended Motion seeks approval of the parties' revised Confidential Settlement Agreement and General Release ("the revised Agreement"). (Doc. 17.) The Motion is unopposed. For the reasons set forth below, the court finds that the Amended Motion is due to be granted, and that all claims in the case are due to be dismissed with prejudice.

Plaintiff Malcolm Gillo ("Gillo") alleged in his opt-in collective action complaint that defendants, former employer Windows, Doors, & More, LLC, and Gary M. Lange ("Lange") willfully failed to pay Gillo and other similarly situated employees appropriate

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. (Doc. 1.) Specifically, Gillo alleged violations of FLSA as follows: 1) defendants failed to accurately record all hours worked; 2) defendant's miscalculated overtime rates in weeks where truck and tool allowances were paid; and 3) defendants failed to pay overtime compensation. (Doc. 1 at ¶ 17.)

Gillo subsequently moved the court for dismissal of his collective action allegations. (Doc. 12.) The court granted plaintiff's unopposed Motion for Voluntary Dismissal of Collective Action Allegations and dismissed the collective action allegations without prejudice. (Doc. 13.)

**Revised Settlement Agreement**

Defendants submitted a revised Confidential Settlement Agreement and General Release with the unopposed Amended Motion for Court Approval of Settlement. (Doc. 17, pp. 3-6.) The revised Agreement resolves any and all claims, under FLSA and otherwise, which are related to Gillo's employment with Windows, Doors, & More, LLC; and it resolves all issues arising out of or related to this lawsuit. (Doc. 17, p. 3 at ¶ 1.) The revised Agreement also stipulates that all claims related to the present lawsuit are to be dismissed with prejudice. (*Id.* at ¶ 3(a).) In this settlement, defendants agree to pay Gillo a total sum of $5,000 as full and final compensation for any and all claims, including claims for attorneys' fees and costs. (*Id.* ¶ 4.) The revised Agreement states

that, as between plaintiff and his counsel, Gillo will receive $2,577.89 as settlement proceeds and $2,422.11 will be paid as attorneys' fees and costs.  (*Id.*)

Pursuant to the court's direction, at oral argument on Defendants' Motion to Approve Settlement, (doc. 14), the revised Agreement: 1) deletes the confidentiality provision; 2) deletes the waiver of future claims; and 3) provides for a monthly pro rata distribution of payments due plaintiff and his counsel over the term of the structured settlement.  The court notes that despite the parties' retention of the term "Confidential" in the revised Agreement's heading, and at paragraph seven, the revised Agreement is not confidential.

Because of the inequalities in bargaining power between employers and employees, settlements of claims for back pay brought by an employee pursuant to the FLSA are permissible in only two contexts: 1) with payments supervised by the Department of Labor, or 2) with "a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employee[ ], in a suit brought by the employee[ ] under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).  "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] . . . the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Stalnaker v. Novar*

3

*Corp.*, 293 F. Supp. 2d 1260, 1263 (M.D. Ala. 2003) (quoting *Lynn's Food Stores*, 679 F.2d at 1354) (concluding that the settlement before the court was a fair and reasonable resolution of bona fide disputes over FLSA provisions).

The parties agree that neither party admits liability or wrongdoing. (Doc. 17, p. 3 at ¶ 2.) Based on the court's review of the record as well as the parties' revised settlement Agreement, the court finds that the proposed settlement is a fair and reasonable resolution of the parties' bona fide dispute.

Also, when a settlement agreement includes an amount that is designated for the payment of attorney's fees and cost, "the FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009). "In an individual FLSA claim, where separate amounts are set forth for the payments of unpaid wages and payments for attorneys fees, the Court has greater flexibility in exercising its discretion in determining the reasonableness of the attorneys' fee." *Pacheco v. JHM Enters.,* No. 6:05-CV-1247-ORL-JGG, 2006 WL 948058, at * 2 (M.D. Fla. April 12, 2006) (citing *Lynn's Food Stores,* 679 F.2d at 1354) ("The FLSA does not require the court to assess the fairness of an agreed payment of attorneys' fees in settling an individual action. Indeed, the purpose of the fairness review is to ensure that an employer does not take advantage of an employee in settling his claim for wages, and

4

not to ensure that the employee does not overcharge the employer."). The court is satisfied as to the reasonableness of the amount stated as attorneys' fees in the revised Agreement.

Therefore, an Order granting the defendants' unopposed Amended Motion for Court Approval of Settlement, (doc. 17), approving the revised Agreement and dismissing all claims with prejudice, will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 20th day of January, 2010.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE